```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X

ANDRE CHAPPERO,[1]

                  Petitioner,
                                        04 CV 8018 (KMW)(DCF)
                                        OPINION and ORDER
          -against-

CALVIN WEST, Superintendent,
Elmira Correctional Facility

                  Respondent.


-----------------------------------X
```
KIMBA M. WOOD, U.S.D.J.:

Pro se petitioner Andre Chappero ("Chaperro") seeks a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging his 1998 conviction in New York State Supreme Court, New York County. A jury convicted Chappero of one count of murder in the second degree, in violation of New York Penal Law § 125.25, and one count of criminal possession of a weapon in the second degree, in violation of New York Penal Law § 265.03.

Chappero asserts the following six claims as grounds for habeas relief: (1) his trial counsel provided ineffective

---

[1] The record contains two different spellings of petitioner's name: Chappero and Chaperro. The Court uses the former because this is the spelling used by the petitioner in his filings.

1

assistance of counsel; (2) the nine years between the date of the crime and his indictment constituted an unconstitutional delay; (3) identification evidence should have been suppressed on the ground that the identification procedure was impermissibly suggestive and thus unconstitutional; (4) he was denied a fair trial as a result of an improper comment in the prosecutor's opening statement; (5) expert ballistics testimony should not have been admitted at trial because of a break in the chain of custody with respect to the physical evidence; and (6) the evidence presented at trial was insufficient as a matter of law to establish his guilt beyond a reasonable doubt.

On July 10, 2008, Magistrate Judge Debra Freeman issued a Report and Recommendation (the "Report"), familiarity with which is assumed.  The Report concludes that each of Chapparo's six claims for habeas relief is without merit.  On September 29, 2008, Chapparo filed timely objections to the Report.[2]  For the reasons stated below, the Court ADOPTS the Report in its entirety, and DENIES Chappero's petition for a writ of habeas corpus.

I.  Standard of Review

When reviewing a Report and Recommendation, the court "may

---

[2] The Respondent did not file objections to the Report or respond to Chapparo's objections.

accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

The court must make "a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir. 1997) (internal citations omitted).

However, to the extent that a party makes only conclusory or general objections, or simply reiterates the original arguments, the court will review those portions of the Report strictly for clear error. See Pearson-Fraser v. Bell Atl., No. 01 Civ. 2343 (WK), 2003 WL 43367, at *1 (S.D.N.Y. Jan. 6, 2003); Vargas v. Keane, No. 93 Civ. 7852 (MBM), 1994 WL 693885 at *1 (S.D.N.Y. Dec. 12, 1994). The court will also review for clear error portions of the Report to which the parties do not object. Fed. R. Civ. P. 72(b) advisory committee's note; see also Rodriguez v. Morton, 2009 U.S. Dist. LEXIS 12470, *2 (S.D.N.Y. Feb. 13, 2009). When the court is reviewing for clear error, the court considers whether the section under review is free of any "clear error on the face of the record." Fed. R. Civ. P. 72(b) advisory committee's note; Rodriquez, 2009 U.S. Dist. LEXIS at *2.

3

II.   Analysis

Chapparo objects to the Report's recommendation that the Court reject his claims for habeas relief.[3]  For the following reasons, the Court finds that Chapparo's five objections are without merit.

   A.   Claim One: Ineffective Assistance of Counsel

The Report recommends dismissing Chapparo's claim for ineffective assistance of counsel.  The Report explains that to establish an ineffective assistance of counsel claim, a petitioner must show both: (1) that counsel's performance "fell below an objective standard of reasonableness," and (2) that there is a reasonable probabilty that, but for counsel's unprofessional errors, the result of the proceedings would have been different." (Report, at 20-21 (quoting Strickland v. Washington, 466 U.S. 668, 688, 694 (1984).)  The Report concludes that Chapparo has failed to show that had his counsel made timely motions to dismiss the case for pre-indictment delay, the outcome of his case would have been different.[4] Strickland, F.3d at 688,

---

[3] Chapparo does not object to the Report's recommendation that his claim of prosecutorial misconduct should be dismissed. Because the Court finds no clear error in the Report's recommendation, the Court denies this claim.

[4] The Court may reject an ineffective assistance of counsel claim for failure to satisfy either of these prongs, without reaching the other prong.  (Report, at 21 (quoting Strickland,

4

694.

     Chapparo objects to this recommendation, claiming that the Report misconstrues his argument.  According to Chapparo, the Report perceives him to be arguing that his counsel's performance as a whole was ineffective, whereas he is arguing that there was a single isolated error – the failure to raise a timely motion to dismiss the indictment – that rendered his counsel ineffective.

     The Court finds that the Report does not misconstrue Chapparo's argument.  The Report considers Chapparo's argument that his counsel's delay in raising the motion to dismiss constituted ineffective assistance of counsel, and rejects it.  (Report, 20, 27-29.)  The Report then concludes that even if the motion to dismiss had been made sooner, the motion still "would likely have been denied." (Report, at 21.)

     The Court adopts the Report's recommendation, finding that Chapparo has failed to show either in his briefing before Magistrate Judge Freeman or in his objections to the Report that there is a reasonable probability that but for his counsel's delay in filing the motion to dismiss, the result of his proceedings would have been different.  Accordingly, the Court finds Chapparo's objection to the Report unpersuasive and DENIES

---

466 U.S. at 697).)

his ineffective assistance of counsel claim.

    B.  <u>Claim Two: Pre-indictment Claim Is Not Procedurally Barred</u>

The Report recommends that the Court find that it is procedurally barred from reviewing Chapparo's claim that he was denied due process as a result of an unreasonable pre-indictment delay.  Chapparo objects to this recommendation.

Federal habeas review is not available where a claim has already been decided by a state court, and the state court's decision "rests on a state law ground that is independent of the federal question and adequate to support the judgment."  <u>Coleman v. Thompson</u>, 501 U.S. 722, 729 (1991).  Procedural rules, such as rules governing the timeliness of motions, constitute adequate and independent state law grounds.  <u>See, e.g.</u>, <u>Montalvo v. Annetts</u>, No. 02 Civ. 1056, 2003 U.S. Dist. LEXIS 22619, at *68-70 (S.D.N.Y. Dec. 17, 2003).

As the Report explains, the New York State Appellate Division (hereinafter, "Appellate Division") rejected Chapparo's claim that he was denied due process as a result of pre-indictment delay.  The Appellate Division rejected this claim on the ground that his motion to dismiss the case was not filed within forty-five days of arraignment, as is required under state procedural rules, and that Chapparo did not establish good cause

for this belated motion.  Concluding that the Appellate Division stated an adequate and independent state law ground for rejecting Chapparo's due process claim, the Report recommends that the Court find that it is procedurally barred from reviewing the claim.

Chapparo objects to the Report's recommendation, arguing that New York Criminal Procedure Law ("NY CPL") § 255.20 permits, but does not require, the state court to deny the motion to dismiss on the ground that it is untimely.  He contends that because the state court had the option of reaching the merits of the motion to dismiss even though it was untimely, the procedural bar discussed in the Report is inapplicable.  Chapparo cites no decisions in support of this argument.

The Court finds Chapparo's objections unpersuasive.  When the Appellate Division exercised its discretion not to hear the untimely motion, it was deciding the motion on an adequate and independent state law ground.  The fact that this decision was within the state court's discretion is irrelevant for assessing whether this Court's review of the state court's decision is procedurally barred.

The Court agrees with the Report that the Appellate Division rejected Chapparo's due process claim on an adequate and independent state law ground, and that this Court is procedurally

barred from reviewing the claim.  Accordingly, Chapparo's claim the he was denied due process as a result an unreasonable pre-indictment delay is DENIED.

    C.   <u>Claim Three: Improper Identification</u>

The Report recommends dismissing Chapparo's claim that his Fourth Amendment rights were violated because the trial court failed to suppress identification evidence obtained from allegedly unduly suggestive procedures.  Chapparo objects to this recommendation.

Pre-trial identification procedures violate due process where, considering the totality of the circumstances, they are so unnecessarily suggestive as to create "a very substantial likelihood of irreparable misidentification."  <u>Mason v. Brathwaite</u>, 432 U.S. 98, 116 (1977) (internal quotations omitted).

Chapparo claims that the following two identification procedures caused the process to be constitutionally infirm: (1) the presence of a height chart in the photograph of Chapparo that was used for the initial photo array; and (2) the use of line-up participants who were of varying heights and weights.  The Report concludes that, considering the totality of the circumstances, Chapparo has not made the necessary showing that these identification procedures were constitutionally defective.

Chapparo objects to the Report, arguing that the Report fails to take into account the totality of the circumstances surrounding the identification procedure, specifically that the "procedure itself was volatile of petitioner's right to counsel." (Petitioner's Objections, at 4.)

In his briefing before Magistrate Judge Freeman, Chapparo did not argue that he had a right to counsel during the identification process.  Because this argument was not raised in the briefing provided to Magistrate Judge Freeman, the Court declines to consider this argument now.[5]  Orix Fin. Servs. v. Thunder Ridge Energy, Inc., 2006 U.S. Dist. LEXIS 54673, *12-13 (S.D.N.Y. Mar. 7, 2006) ("The Court need not consider at the objection stage any legal argument not presented to the Magistrate Judge.").  To the extent that Chapparo is arguing more generally that the Report does not adequately consider the

---

[5] Even if Chapparo had not waived the argument that the identification procedure violated his right to counsel, the Court would deny Chapparo's claim.  Chapparo's argument is procedurally barred because he failed to raise this argument before the Appellate Division.  Gonzalez v. Sullivan, 934 F.2d 419, 422 (2d Cir. 1991).
   Chapparo's argument also fails on the merits.  The right to counsel does not attach at a photographic identification.  United States v. Ash, 413 U.S. 300 (1972). The right to counsel at a line-up only attaches when the Defendant has already been indicted. In re Grand Jury Subpoena Served upon Doe, 781 F.2d 238, 244 (2d Cir. 1986)  Chapparo was not indicted until after the line-up.

9

totality of the circumstance, the Court finds this argument to be without merit.[6]

Accordingly, the Court finds that the Report correctly concludes that Chapparo failed to establish that his Fourth Amendment rights were violated when the trial court did not suppress the identification evidence at issue and DENIES this claim.

### D. Claim Four: Improper Admission of Evidence

The Report recommends that the Court find that it is procedurally barred from hearing Chapparo's claim that the trial Court erred when it permitted expert ballistic testimony at his trial. The Report explains that Chapparo challenged the balistics testimony before the Appellate Division, but did not do so in federal constitutional terms. Therefore, the claims have not been exhausted. See Daye v. Attorney Gen. of New York, 696 F.2d 186, 191 (2d Cir. 1982) (explaining that in order to exhaust a claim, the petitioner must articulate the claim in federal

---

[6] The Report notes that when considering the totality of the circumstances, a court should consider a multitude of factors as set forth in Neil v Biggers, 409 U.S. 188, 200 (1972). The Report does so when it states that "Petitioner has not argued that the witnesses lacked the opportunity to view the shooter, were inattentive at the time, gave inaccurate prior descriptions of the shooter, were uncertain as to their identifications, or made identifications that were in doubt because of the passage of time. (Report, at 30.)

10

constitutional terms sufficient to alert the state court to the federal nature the claim).

In Chapparo's objections to this recommendation, he cites Daye and states generally that "in like fact situations, the [S]econd [C]ircuit [C]ourt of [A]ppeals has held that a habeas petitioner's constitutional claims has been fairly presented to the state courts." (Petitioner's objection, at 5.) Given the general nature of this objection and the absence of references to supporting decisions, the Court reviews the Report for clear error.

The Court finds the Report's conclusion that Chapparo has failed to exhaust his claim regarding the impermissible admission of expert ballistics testimony to be free of clear error on the face of the record. Accordingly, the Court DENIES Chapparo's claim.

E.   Claim Five: Insufficieny of the Evidence

The Report recommends dismissing Chapparo's claim that the evidence presented by the prosecution is legally insufficient to establish Chapparo's guilt beyond a reasonable doubt.

Specifically, the Report addresses Chapparo's argument that "his identification revolved around the credibility of essentially one witness." (Report, at 41.) The Report describes the evidence presented to the jury, which included testimony of

11

two additional witnesses placing Chapparo at the scene of the crime and holding a gun or shooting at a crowd.  The Report explains that this constitutes ample corroborating evidence.[7]

Chapparo in his objection to the recommendation reiterates the same argument that he made before Magistrate Judge Freeman – that the uncorroborated eyewitness testimony of one alleged witness is insufficient to support his conviction.  The Court therefore reviews this objection for clear error.

The Court finds no clear error in the Report's analysis of Chapparo's claim that the evidence was insufficient to support a conviction.  Accordingly, the Court DENIES this claim.

IV. Conclusion

For the reasons stated above, the Court adopts the Report in its entirety.[8]  The Court DENIES Chapparo's Petition for a writ of habeas corpus (D.E. 2).

A certificate of appealability will not issue because Chapparo has not made a substantial showing of the denial of a

---

[7] The Report notes that even if the testimony of the eyewitness had been the only evidence presented, the evidence at trial still may have been sufficient to support the conviction. Edwards v. Jones, 720 F.2d 751, 755 (2d Cir. 1983) ("[T]he testimony of a single, uncorroborated eyewitness is generally sufficient to support a conviction.")

[8] The Court finds the remainder of the Report, to which Chapparo has not objected, free of clear error on the face of the record.

12

constitutional right.  See 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b).  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith.

The Clerk of Court is directed to close this case; any pending motions are moot.

       SO ORDERED.

DATED:   New York, New York
           July 15, 2009

                                       KIMBA M. WOOD
                             United States District Judge